# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| GSH OF ALABAMA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-02689 |
| v. | ) | |
| | ) | **ORDER** |
| SOUTHSTAR FINANCIAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Southstar Financial LLC's ("Southstar") partial motion to dismiss, ECF No. 21. For the reasons set forth below, the court grants the partial motion to dismiss and dismisses GSH's second cause of action—a request for accounting—without prejudice.

## I. BACKGROUND

GSH of Alabama, LLC ("GSH") is an Alabama corporation that contracts with the United States government to build and deliver mobile homes to the Federal Emergency Management Agency ("FEMA") to aid in disaster relief efforts. On or about April 4, 2016, GSH entered into a financing agreement (the "Factoring Agreement") with SouthStar Financial, LLC ("SouthStar"), a South Carolina company. Am. Compl. ¶¶ 1–2. The agreement, originally intended to last 36 months, allowed GSH to periodically sell its accounts to SouthStar and gave SouthStar a security interest in all of GSH's assets. Id. ¶ 4.

After a dispute between the parties over the interpretation of the Factoring Agreement—particularly regarding the amount SouthStar owed to GSH after the purchased accounts had been paid—they reached a settlement agreement (the

1

"Settlement"), with SouthStar agreeing to pay GSH $673,605.00, minus its approximate legal fees and costs totaling about $25,000.00, in exchange for complete mutual releases. Am. Compl. ¶ 6. SouthStar's counsel offered this settlement in a letter dated July 10, 2017, stating that the offer would remain open until Friday, July 14, 2017. Id. SouthStar reconfirmed this offer by a letter dated August 23, 2017, stating that the offer would remain open for the next ten days and that if not accepted, SouthStar would "refund $30,638.41 to GSH after charging all applicable fees . . . and will consider the relationship terminated." Id., see ECF No. 5-3, 12. GSH says that it orally accepted this settlement offer in a phone call with SouthStar on August 28, 2017, and reconfirmed by email on September 1, 2017. Id., see Wilkerson Decl., ¶¶ 2–4. GSH claims that on September 14, 2017, SouthStar advised GSH that SouthStar did not intend to abide by the settlement, and tendered a payment less than the agreed-upon consideration. Id. ¶ 8, see Wilkerson Decl. ¶ 5. GSH now seeks to have SouthStar's security interest in its assets terminated.

GSH filed a complaint against SouthStar in this court on October 5, 2017, ECF No. 1, and then filed an amended complaint on November 16, 2017, ECF No. 19. GSH alleges that SouthStar has breached the terms of the Settlement by expressing its intention to breach and by otherwise failing to honor its terms. Am. Compl. ¶ 12. In the event that the court concludes that the parties have not entered a binding settlement agreement, GSH seeks in the alternative a full accounting from SouthStar regarding their business dealings under the Factoring Agreement. Id. ¶¶ 14–16. GSH claims that it would need further discovery to investigate SouthStar's failure to pay GSH pursuant to the terms of the Factoring Agreement if the Settlement is not enforced by the court. Id. ¶¶ 14–16. On

December 11, 2017, Southstar filed a motion to dismiss GSH's second cause of action for failure to state a claim, ECF No. 21. On December 26, 2017, GSH filed a response. ECF No. 25. On January 2, 2018, Southstar filed a reply. ECF No. 26. The motion has been fully briefed and is ripe for the court's review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) [] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. DISCUSSION

GSH's first cause of action alleges that SouthStar breached the terms of the Settlement. Its second cause of action asks for an accounting of the original Factoring Agreement if the court determines that the Settlement is not valid. "The equitable remedy of 'accounting' . . . refers to 'an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." Historic Charleston Holdings, LLC v. Mallon, 673 S.E.2d 448, 453 (S.C. 2009). "[A]n accounting is designed to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty." Rogers v. Salisbury Brick Corp., 382 S.E.2d 915, 917 (S.C. 1989). An accounting is appropriate[1]

---

[1] None of the cases presented before the court involve parties bringing suits solely for an accounting, but rather involve suits for breach of contract or some similar action, with a request for an accounting related directly to that breach of contract action. See Rogers, 382 S.E.2d at 917 ("Appellant brought this action seeking rescission of the lease agreement, damages, an accounting and injunctive relief."), Consignment Sales, LLC v. Tucker Oil Co., 705 S.E.2d 73, 75 (S.C. Ct. App. 2010) (affirming the trial court's decision to order an accounting after finding that Tucker Oil had breached the contract), ABC Legal Servs., Inc. v. Korn Law Firm, P.A., 2015 WL 4068808, *3–4 (D.S.C. July 2, 2015) ("The Complaint alleges four causes of action against Defendant Hall: quantum meruit/unjust enrichment, [ ] accounting, [ ] fraud, [ ] and violation of the South Carolina Unfair Trade Practices Act."); see also, 1A C.J.S. Accounting § 1 ("[A] legal accounting may be an appropriate step in determining the amount of damages in a breach of contract action."). GSH alleges that SouthStar breached the Settlement but asks for an accounting for the Factoring Agreement, yet GSH has not brought any cause of action specifically related to the Factoring Agreement. The Settlement defined what was owed by SouthStar to GSH under the Factoring Agreement. If the court finds that the Settlement is not valid, then GSH will likely seek to determine what it is owed under the Factoring Agreement. If GSH believes that SouthStar has failed to perform under the Factoring Agreement, then it can bring a claim against SouthStar for breach of contract and include with this new suit a request that the court conduct an accounting. However, even if parties are

in three situations: (1) "to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty"; (2) "in an action involving long and complicated accounts where it would not be practicable for a jury to comprehend the issues and correctly make adjustments"; and (3) when there is a need for enhanced discovery. Id. at 916–917. The court addresses each of these scenarios in turn, finding that GSH does not qualify for an accounting under any of them.

### A. Breach of a Fiduciary Duty

The equitable remedy of accounting originally existed to prevent unjust enrichment by one party that breached its fiduciary duty to another. Id., Smith v. Union Central Life Ins. Co., 99 S.E. 830 (S.C. 1919), Consignment Sales, LLC v. Tucker Oil Co., 705 S.E.2d 73, 77 (S.C. Ct. App. 2010), ABC Legal Servs., Inc. v. Korn Law Firm, P.A., 2015 WL 4068808, at *3–4 (D.S.C. July 2, 2015). Here, the relationship between GSH and SouthStar is one of creditor-debtor. Because there is no fiduciary relationship between the parties, GSH cannot obtain an accounting under this first prong.

### B. Complicated Accounts

Although an accounting traditionally existed as a remedy where there was a fiduciary relationship, "it is also available in certain circumstances where no confidential or fiduciary duty exists." ABC Legal Servs., Inc., 2015 WL 4068808 at *4. One of these circumstances is if the action involves "long and complicated accounts" where a jury could not be expected to fully understand the discrepancies and correctly calculate the

---

generally able to bring suits solely for an accounting, based on the information currently before the court in GSH's complaint, it would still not be appropriate in this instance.

amount that one party owes another.  Rogers, 382 S.E.2d at 917.  GSH claims that its amended complaint alleges a complex business relationship bwith SouthStar.  Pl.'s Resp. at 6, citing Am. Compl. ¶ 14.  While the amended complaint does state that there is a complex business relationship, it fails to include any details about the Factoring Agreement demonstrating that it would be too complicated for a jury to calculate what SouthStar may owe to GSH under the Factoring Agreement.  Indeed, the only information about the terms of the Factoring Agreement is in paragraph 4, which explains that "GSH agreed to tender certain of its accounts receivable and contract rights to SouthStar and SouthStar agreed to purchase certain accounts pursuant to the terms and conditions of said Factoring Agreement."  Am. Compl. ¶ 4.  Paragraph 5 then discusses the dispute that "arose between the parties hereto over the interpretation of the Factoring Agreement," but only informs the court that this dispute involved "the amounts due to be paid to GSH by SouthStar after all of the purchased accounts had been paid, the interest and other charges allowable under the Factoring Agreement and the enforceability of certain fees and charges provided for in the Factoring Agreement."  Id. ¶ 5.  Because this does not demonstrate to the court that it would be too complicated for a jury to correctly determine what is owed under the Factoring Agreement, the court will not allow GSH to request an accounting under this prong.  However, the court acknowledges that there may be many aspects of the Factoring Agreement and the manner in which the parties performed under it which might ultimately render it a long and complicated account that is beyond the ability of a jury to practicably address.  Thus, the court dismisses the request for an accounting without prejudice, allowing GSH to bring another request for

accounting at a later time, should GSH wish to sue SouthStar for failure to comply with the Factoring Agreement if the court determines that the Settlement is not valid.

   C. **Need for Discovery**

The final situation in which courts will conduct an accounting is when there is an elevated need for discovery. This most often occurs when the defendant either has control over the accounts or otherwise prevents the plaintiff from obtaining the information it needs to determine what it is owed. See e.g., Consignment Sales, 705 S.E.2d at 75 (Ordering an accounting where Tucker Oil "was in exclusive control of the information needed to determine the amount Consignment Sales is owed . . . knows the amount of gasoline it delivered pursuant to the contracts and gross proceeds of the contracts," and where Consignment Sales "had no access to this information except through Tucker Oil"), ABC Legal Servs., 2015 WL 4068808 at *4 (D.S.C. July 2, 2015) (Denying a request for an accounting under this third prong where the defendant no longer had access to any records that might have been helpful to plaintiff as a discovery matter). Although courts have traditionally relied on the necessity of discovery as a basis for ordering an accounting, "that function has often been superseded by modern discovery rules, and one is not entitled to an accounting if that party can procure the needed information through the use of standard discovery procedures." 1A C.J.S. Accounting § 26. Courts routinely deny requests for an accounting where the plaintiffs fail to sufficiently allege that they are unable to acquire the information requested through standard discovery. See McFeeley v. Jackson St. Entm't, LLC, 2012 WL 5928769, at *4 (D. Md. Nov. 26, 2012) (holding that defendants failed to allege a plausible claim for an accounting because they made "no arguments to show why

ordinary discovery devices will be insufficient" and why "an accounting is necessary"); Heflebower v. JPMorgan Chase Bank, NA, 2013 WL 5476806, at *7 (E.D. Cal. Sept. 30, 2013) (dismissing accounting claim because plaintiff had not "shown facts that support an amount due from the defendant that can only be determined through an accounting"); Doe v. Cin-Lan, Inc., 2010 WL 726710 (E.D. Mich. Feb. 24, 2010) (holding that a party requesting an accounting as a discovery device "must allege facts to demonstrate why an accounting, as opposed to ordinary discovery devices, are necessary").

GSH argues that an accounting is necessary here because the parties' disputes about the Factoring Agreement forced GSH to enter into the Settlement, and GSH will require additionally discovery to determine what it is owed under the Factoring Agreement should the court find that the Settlement is non-binding. Pl.'s Resp. at 5. Indeed, the amended complaint alleges that GSH needs more discovery "to investigate the failure of SouthStar to remit moneys due to GSH pursuant to the terms of the Factoring Agreement." Am. Compl. ¶ 15. However, the amended complaint neither explains why it cannot obtain this necessary information through normal discovery procedures, nor does it allege that SouthStar is the sole holder of the information that GSH needs. Thus, the court finds that GSH does not qualify for an accounting under this third prong.

## IV. CONCLUSION

Based on the foregoing reasons, the court **GRANTS** SouthStar's partial motion to dismiss and **DISMISSES WITHOUT PREJUDICE** GSH's second cause of action for an accounting.

**AND IT IS SO ORDERED.**

---
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 15, 2018
Charleston, South Carolina**